Van Brunt, P. J.
There being no motion made for a new trial and no order having been entered upon the defendants’s motion to set aside the verdict on the ground of excessive damages and appealed from, only the exceptions appearing upon the record before the rendition of the verdict can be considered upon this appeal although the case has been argued by the appellants as though the appeal was from an order denying a motion for a new trial.
*198 The exceptions arise upon the denial of motions to dismiss the complaint as to certain causes of action set out in the complaint, viz.: the eighth and ninth causes of action.
The second cause of action was to recover damages caused by the bursting of waterpipes at or near the line of the works upon Eightieth street, and upon Eighty-second street.
If the learned counsel for the defendants had separated the two classes of breaks in his motion to dismiss, a denial of his motion to dismiss as to the Eighty-second street pipe would have been error.
The only evidence from which weakness in the pipe might possibly be inferred, or from which notice to the city might be assumed, was the fact that the pipe had been ex-exposed to view for a month or more and was rusty upon the outside.
This pipe had lain in the ground for some length of time, and that it should become rusty upon the outside was the most natural consequence, but this fact gave no evidence whatever that the pipe was unfit for the use to which it was put.
There was no evidence of the extent of the rust and the only witness testifying as to the actual condition of this pipe swore that it was a good pipe. The plaintiff swore that the pipe was rusty and looked in very bad condition, and yet lie allowed that pipe in full view to remain, knowing that the bursting of that pipe would lead to disastrous results without taking any pains to have the danger removed. It looked baa only because it looked rusty and it could not look otherwise than rusty under the condition in which it had been placed no matter how well fitted it was for the work it was called upon to do.
The pipe in fact did not break at any place where exposed to view, but near the house line.
There was nothing in this evidence requiring the submission of this question to the jury.
The evidence however in respect to the Eightieth street pipes seems to have been sufficient to go to the jury.
There was some evidence that the pipes were not properly laid, that they were laid upon bare rock which was an artificial and improper method, and that the agents of the city must have known this because they repaired two or three breaks in these pipes before those occurred which caused the damage which was sued for.
It is urged that the plaintiff should have ceased blasting after a break or two, but by the very terms of his contract ■ he had the right to blast except within five feet of the pipe and there is no proof that this provision of the contract was violated. If by the defective laying of the pipes damages accrued, the responsibility of the defendants seems to be *199 apparent, and the court committed no error in refusing to dismiss the second cause of action.
The claim that the court erred in respect to the fifth cause -of action rests upon no proper exception.
It is true that certain evidence was objected to, but this evidence was competent if any cause of action was made, only the court could not determine that fact until all the evidence had been offered, and no motion was then made calling upon the court to pass upon this question.
No motion was made in respect to the seventh cause of action bringing up any question for review.
As to the eighth and nineth causes of action, the motion "to dismiss, made at the end of the plaintiff’s case, was properly denied whatever might have been the rights of the defendants had such a motion been made after all°the evidence had been put in.
The plaintiff, by his evidence, showed excuses for some of "the delay occasioned in his work, some of which were undoubtedly explained away at the time of the completion of the evidence, but which certainly existed at the time of the closing of the plaintiff’s case, at which time the motion to dismiss was made, and which were an answer to the mar tian then made.
There do not, therefore, seem to be any exceptions in the record calling for a reversal of the judgment.
Judgment affirmed, with costs.
Brady and Daniels, JJ., concur.